Filed 5/30/24  P. v. Geronimo CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ABRAHAM GERONIMO,<br><br>    Defendant and Appellant. | B330022<br><br>(Los Angeles County<br>Super. Ct. No. BA443976-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

Neil Rosenbaum, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying defendant's petition for resentencing brought under Penal Code[1] section 1172.6.  We affirm.

## BACKGROUND

On August 23, 2016, the People charged defendant Abraham Geronimo by amended information with one count of attempted willful, deliberate, and premeditated murder in violation of sections 664 and 187, subdivision (a) and one count of assault with a firearm in violation of section 245, subdivision (a)(2).  As to the attempted murder count, it was alleged that a principal personally and intentionally used and discharged a firearm causing great bodily injury pursuant to section 12022.53, subdivisions (b), (c), (d) and (e)(1).  It was also alleged both offenses were committed for the benefit of a criminal street gang.  (§ 186.22(b)(1)(C).)

A jury found Geronimo guilty of both charges and found the enhancement allegations true.  The trial court sentenced Geronimo to 25 years to life with the possibility of parole.

For context only, we recite the facts of the case from our opinion affirming Geronimo's conviction.  Geronimo and Julio R. were spraying paint over rival gang graffiti on a garage door near the victim's house.  The victim went outside to move his car and Julio told him, "Don't mess with me."  (*People v. Geronimo* (Dec. 12, 2017, B277467) [nonpub. opn.].)  Geronimo seemed to be acting as a "lookout," i.e., "looking" and "keeping an eye out."  Before the shooting, Geronimo crossed the street and stayed in the area.  Julio R. fired a handgun at the victim three times and

---

[1]     Statutory references are to the Penal Code.

wounded him in the leg. Both men then fled to Geronimo's house. (*People v. Geronimo*, *supra*, B277467.)

On August 15, 2022, Geronimo filed a petition for resentencing pursuant to section 1172.6. He also requested and was granted appointment of counsel. The People filed a response to the petition to which they attached the instructions given to the jury at trial. Geronimo filed a reply brief. On April 24, 2023, after reviewing the briefs of the parties, the trial court denied the petition, finding that the jury was not instructed the natural and probable consequences doctrine or any theory of imputed malice and therefore Geronimo was not entitled to relief as a matter of law.

In denying the petition, the trial court stated, "The court has read and considered the original petition, obviously, and then I had looked at the People's response to the petition and then the defense reply to the response. [¶] . . . [¶] So the court has taken a look at a couple of things in the case. The court did not do any fact-finding in this case. It just looked at the conviction record. [¶] And the defendant was convicted of attempted murder. There was no natural and probable consequence that was given to the jury. Also, there was no theory that could be imputed onto the defendant, based on the instructions. [¶] As such, the court is going to find the defense has failed to make a prima facie case, and it will find the defendant is legally ineligible for relief pursuant to [section] 1172.6." Geronimo timely appealed.

On August 21, 2023, we appointed counsel to represent Geronimo on appeal. On January 18, 2024, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us appellant was told he may file his own supplemental brief within

3

30 days.  Counsel sent Geronimo transcripts of the record on appeal as well as a copy of the brief.

On January 19, 2024, this court sent Geronimo notice that a brief raising no issues had been filed on his behalf.  We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider.  We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On April 15, 2024, we received Geronimo's supplemental brief, in which he concedes the jury was not instructed on the natural and probable consequences doctrine.  He contends, however, he was convicted under a theory where malice was imputed to him based solely on his participation in the tagging of the apartment building.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for liability for murder (and later, attempted murder).  It also limited the scope of the felony murder rule.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957) (*Lewis*).)  Petitions for resentencing carry out the intent of Senate Bill No. 1437, which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.)  Petitions under section 1172.6 address convictions where a defendant was not the shooter but was held vicariously liable on one of several theories of liability identified in the statute.  If the record establishes ineligibility for resentencing as a matter of law, the petition has been properly

denied. (*Lewis*, at pp. 970–972.) However, the petition and record must establish conclusively that the defendant is ineligible for relief. (*People v. Lopez* (2022) 78 Cal.App.5th 1,14 [a "petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer."].) (*Ibid.*) When a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (*Ibid.*)

After appointment of counsel, the trial court assesses when a prima facie case for relief has been made. The prima facie inquiry is limited. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In assessing whether a defendant has made a prima facie case for relief pursuant to section 1172.6, ruling on a resentencing petition, the trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions. (*Lewis*, at p. 971–972.) However, *Lewis* cautions that although appellate opinions are generally considered to be part of the record of conviction, the prima facie bar was intentionally set very low, the probative value of an appellate opinion is case-specific; a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Here, the jury was instructed on aiding and abetting only (CALCRIM No. 401). The instruction reads: "To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that: [¶] 1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and

5

abet the perpetrator in committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. [¶] Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime. [¶] If all of these requirements are proved, the defendant does not need to actually have been present when the crime was committed to be guilty as an aider and abettor. [¶] If you conclude that defendant was present at the scene of the crime or fails to prevent the crime, you may consider that fact in determining whether the defendant was an aider and abettor.  However, the fact that a person is present at the scene of a crime or failed to prevent the crime does not, by itself, make him or her an aider and abettor."

The jury was also instructed on attempted murder (CALCRIM No. 600): "To prove that the defendant is guilty of attempted murder, the People must prove that: [¶] 1. The defendant took at least one direct but ineffective step toward killing another person; [¶] AND [¶] 2. The defendant intended to kill that person. [¶] A direct step requires more than merely planning or preparing to commit murder or obtaining or arranging for something needed to commit murder.  A direct step is one that goes beyond planning or preparation and shows that a person is putting his or her plan into action.  A direct step indicates a definite and unambiguous intend to kill.  It is a direct movement toward the commission of the crime after preparations are made.  It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstance outside the plan had not interrupted the attempt."

6

As confirmed by our review of the record of conviction, the jury was not instructed on the natural and probable consequences doctrine or any other theory of imputed malice. Nonetheless, Geronimo argues that the prosecutor's focus on Julio R.'s actions confused the jury into thinking it could find Geronimo guilty by imputing Julio R.'s mental state to him.

We disagree. The instructions make clear that Geronimo himself had to have the intent to kill.  They do not direct or permit the jury to impute Julio R.'s mental state to Geronimo just because he was present at the scene, as Geronimo contends.  As a "general rule," courts presume that juries can and will dutifully follow the instructions they are given. (*People v. Washington* (2017) 15 Cal.App.5th 19, 26.)  Because Geronimo was convicted under a theory of direct aiding and abetting, he is ineligible for relief under resentencing relief.

We decline to independently review the record.  (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.　　　　　　　　　VIRAMONTES, J.

7